UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

------------------------------------------------------X

RAVENNAVI S.P.A.,

          Plaintiff,

     - against -

TRASIMEX HOLDING S.A.,

          Defendant.

------------------------------------------------------X

**08  CV  2848**

ECF CASE

MAR 1 8 2008

U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, RAVENNAVI S.P.A., (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, TRASIMEX HOLDING S.A., (hereinafter "Defendant") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 et seq., the New York Convention on Recognition and Enforcement of Foreign Arbitral Awards, 9 United States Code § 201 *et seq.* and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.     At all material times, Plaintiff was and still is a foreign corporation, or other business entity duly organized and existing by virtue of foreign law.

3.     Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of foreign law.

4.    Plaintiff was at all material times the Owner of the motor vessel "RED SEA" (hereinafter the "Vessel.")

5.    Defendant was at all material times the Charterer of the Vessel.

6.    By a charter party dated July 27, 1994, Plaintiff chartered the Vessel to Defendant for the carriage of cargo of jet fuel.

7.    Certain disputes arose between the parties during the course of the Charter Party contract regarding Defendant's failure to pay shifting and port expenses incurred at the port of Dakar.

8.    As a result of Defendant's breach of the Charter party contract, Plaintiff has and will continue to suffer losses in the total principal sum of $28,493.00, exclusive of interest and costs.

9.    Pursuant to the Charter Party, all disputes arising thereunder were to be submitted to arbitration in London with English law to apply.

10.    Despite due demand, Defendant failed to pay the shifting and port expenses due and owing under the Charter Party. As a result, Plaintiff commenced arbitration proceedings to recover its damages.

11.    On April 5, 2005 the arbitrators issued a binding final Award in Plaintiff's favor (hereinafter, "First Award", a certified copy of which is annexed hereto as Exhibit "1").

12.    Pursuant to the First Award, the arbitrators awarded Plaintiff the sum of $28,493.00, together with interest at the rate of 6.5% per annum, compounded quarterly, from September 1, 1994 until the date of payment of such sum in full.

13.     The arbitrators assessed the costs of the First Award to be £37,281 which is
approximately $75,281.54, reserving issues of costs and their jurisdiction to make a further
award or awards in respect of costs.

14.     Plaintiff then submitted requests for costs to the arbitrators in relation to the April
5, 2005 First Award and the 50% of the cost of that award that they had paid in the first instance
to collect it.

15.     On January 9, 2006, the arbitrators then issued a second Award, in the Plaintiff's
favor (hereinafter, "Second Award", a certified copy of which is annexed hereto as Exhibit "2").

16.     Pursuant to the Second Award, the arbitrators awarded the Plaintiff the sum of
£16,715.50, which converts to approximately $33,754.39 at current exchange rates, being 50% of
the cost of their award of April 5, 2005, together with interest at the rate of 6.5% per annum,
compounded quarterly, from May 5, 2005 until the date of payment of such sum in full.

17.     Additionally, the arbitrators also awarded the costs of the Second Award in the
sum of £4,315, which converts to approximately $8,714.85 at current exchange rates, together
with interest at the rate of 6.5% per annum, compounded quarterly, from January 9, 2006 until
the date of payment of such sum in full.

18.     The Plaintiffs then submitted requests for a determination of the recoverable costs
of the First and Second Awards awarded, pursuant to the Second Award and the costs for the
application of assessment of costs to be paid by the Defendant, pursuant to the Second Award.

19.     On April 26, 2007, the arbitrators then issued a third award in the Plaintiff's favor
(hereinafter, "Third Award", a certified copy of which is annexed hereto as Exhibit "3").

20.     Pursuant to the Third Award, the arbitrators awarded the Plaintiff the sums of (i)
£149,366.88 which converts to $301,669.07 at current exchange rates, in respect of the

-3-

recoverable costs of the First Award and (ii) €4,191.23 which converts to approximately
$6,614.38 at current exchange rates, being the recoverable costs of the Second Award, together
with interest at the rate of 6.5% per annum, compounded quarterly, from January 9, 2006 until
the date of payment.

21.    Pursuant to the Third Award, the arbitrators further awarded the Plaintiff their own
and the Plaintiff's costs of the THIRD AWARD-COSTS in the sum of €4,942.00, which
converts to approximately $7,799.05 at current exchange rates, and the Arbitrators' fees for the
THIRD AWARD-COSTS in the sum of £4,225.00, which converts to approximately $8,527.08
at current exchange rates, together with interest at the rate of 6.5% per annum, compounded
quarterly, from April 26, 2007 until the date of payment in full.

22.    Plaintiff expects to recover the following amounts pursuant to the arbitration
awards:

A. First Award: (i) Principal claim for shift and port expenses:      $28,493.00

        (ii) Interest on the principal claim
        at 6.5% from September 1, 1994 until
        March 15, 2010 (approx. date of recovery):      $50,863.21

        (iii) Costs      $75,281.54

        (iv) Interest on Costs at 6.5% from May 5, 2005 to
        March 15, 2010 (approx. date of recovery)      $27,724.75

B. Second Award: (i) First Award Costs:      $33,754.39

        (ii) Interest on First Award Costs
        at 6.5% from May 5, 2005 until
        March 15, 2010 (approx. date of recovery):      $12,431.10

        (iii) Second Award Costs      $ 8,714.85

        (iv) Interest on Second Award Costs

-4-

|  |  |  |
|---|---|---|
| at 6.5% from January 9, 2006 to March 15, 2010 (approx. date of recovery): | | $ 2,696.29 |
| C. Third Award: (i) Recovery Costs of First Award: | | $301,669.07 |
| (ii) Interest on Recovery Costs of First Award at 6.5% from January 9, 2006 to March15, 2010 (approx. date of recovery): | | $ 93,333.52 |
| (iii) Recovery Costs of Second Award: | | $ 6,614.38 |
| (iv) Interest on Recovery Costs of Second Award at 6.5% from January 9, 2006 to March 15, 2010 (approx. date of recovery): | | $ 2046.43 |
| (v) Recovery Costs of Third Award: | | $ 7,799.05 |
| (vi) Interest on Recovery Costs of Third Award at 6.5% from April 26,2007 to March 15, 2010 (approx. date of recovery) | | $ 1,596.08 |
| (vii) Arbitrators' Fee of Third Award: | | $ 8,527.08 |
| (viii) Interest on Arbitrators' Fee of Third Award at 6.5% from April 26, 2007 to March 15, 2010 (approx. date of recovery) | | $ 1,745.08 |

**Total:**                                                                    **$663,289.82**

23.      The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of one or more garnishees which are believed to be due and owing to the

Defendant.

24.      The Plaintiff seeks an order from this court directing the Clerk of Court to

–5–

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, and the New York Convention on Recognition and

Enforcement of Foreign Arbitral Awards, 9 United States Code § 201 *et seq* attaching, *inter alia*,

any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal

jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

      **WHEREFORE**, Plaintiff prays:

      A.     That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Verified Complaint;

      B.     That the Court retain jurisdiction to compel the Defendant to arbitrate in

accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

      C.     That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, the New York Convention on

Recognition and Enforcement of Foreign Arbitral Awards, 9 United States Code § 201 *et seq.*,

attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,

tangible or intangible, or any other funds held by any garnishee within the District which are due

and owing to the Defendant, in the amount $663,289.82 to date to secure the Plaintiff's claims,

and that all persons claiming any interest in the same be cited to appear and pursuant to

Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.      That this Court recognize and confirm the arbitration awards had herein as a

Judgment of this Court;

E.      That this Court recognize and confirm any future arbitration award(s) or

judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F. .    That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;.

G.       That this Court award Plaintiff its attorneys' fees and costs of this action; and

H.      That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: March 17, 2008
       Southport, CT

                            The Plaintiff,
                            RAVENNAVI S.P.A.,

                    By:

                            Patrick F. Lennon
                            Nancy R. Peterson
                            Coleen A. McEvoy
                            LENNON, MURPHY & LENNON, LLC
                            420 Lexington Ave., Suite 300
                            New York, NY 10170
                            (212) 490-6050 -- phone
                          · (212) 490-6070 – fax
                            pfl@lenmur.com
                            nrs@lenmur.com
                            cam@lenmur.com ·

                                    –7–

## ATTORNEY'S VERIFICATION

State of Connecticut  )

                 )    ss.:    Town of Fairfield

County of Fairfield  )

    1.     My name is Coleen A. McEvoy.

    2.     I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

    3.     I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for

the Plaintiff.

    4.     I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

    5.     The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

    6.     The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

    7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated: March 17, 2008
      Southport, CT

                              Coleen A. McEvoy

# EXHIBIT 1

ORIGINAL

"RED SEA"

Charter Party dated  27th July 1994

AWARD

CERTIFIED TRUE COPY
OF THE ORIGINAL
Norton Rose LLP
Date  11 . 2 . '08

IN THE MATTER OF THE ARBITRATION ACT 1996

AND

IN THE MATTER OF AN ARBITRATION

B E T W E E N:

RAVENNAVI S.p.A., RAVENNA

Claimants
(Owners)

AND

TRASIMEX HOLDING S.A., PANAMA

Respondents
(Charterers)

"RED SEA"

Charter Party dated 27th July 1994

AWARD

W H E R E A S:

(A)  By the terms of a charter party dated 27th July 1994
     on an amended Asbatankvoy form the Claimant Owners
     ("the Owners") chartered the m.t. "Red Sea" to the

2

Respondent Charterers ("the Charterers") to perform a voyage from, in the event, Ras Lanuf, Libya to Dakar, West Africa, carrying a cargo of jet fuel.

(B)  Clause 24 of Part II of the Asbatankvoy terms, when read in conjunction with clause K of Part I, provided for any dispute arising to be referred to arbitration in London in a manner more particularly set out therein.

(C)  Disputes did arise between the parties for the determination of which the Owners appointed the undersigned Nicholas Sherriff of P.O. Box 293, London SW11 6DJ and the Charterers appointed the undersigned William Packard of Cobmarsh House, 20, Victory Road, West Mersea, Essex, CO6 8LX as arbitrators respectively.  The two arbitrators so appointed, in turn, appointed the undersigned Clive Aston, then of 58 The London Fruit Exchange, Brushfield Street, London E1 6EP and now of 30 Hobbs Court, 2 Jacobs Street, London SE1 2BG as third arbitrator.

(D)  The seat of this arbitration is in England.

3

(E)  The disputes referred to us concerned a claim by the
Owners for shifting and port expenses incurred at
the port of Dakar in the sum of US$28,493, liability
for which the Charterers denied, counterclaiming a
sum of US$546,666.33 in relation to losses which
they claimed arose from the contamination of a cargo
of jet fuel carried by the vessel pursuant to the
charter party.

(F)  We received written submissions and supporting
documents from both parties and an oral hearing of
the matter took place at the London offices of
Norton Rose at Kempson House, Camomile Street,
London EC3A 7AN on 29th/30th July 2003 and 26th/27th
February 2004 at which both parties were represented
by Counsel and London solicitors and at which we
heard oral evidence on behalf of both parties.  A
Reasoned Award was requested and thus our Reasons
are attached to, and form part of, this Award.

(G)  NOW WE, the said Nicholas Sherriff, William Packard
and Clive Aston, having taken upon ourselves the
burden of this reference and having carefully and
conscientiously read and considered the submissions

4

and documents put before us and heard the evidence of the witnesses and expert witnesses and arguments of Counsel of both parties, and having given due weight thereto and discussed the matter with one another and found ourselves in agreement **DO HEREBY MAKE, ISSUE AND PUBLISH**, this our **AWARD** as follows:-

1.  **WE FIND AND HOLD** that the Owners' claim for US$28,493 succeeds in full and that the Charterers' counterclaim fails in its entirety and is hereby dismissed.

2.  **WE THEREFORE AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the sum of US$28,493 (United States Dollars, Twenty Eight Thousand, Four Hundred and Ninety Three) together with interest thereon at the rate of 6.5% per annum, compounded at three monthly rests with effect from 1st September 1994 until the date of payment of such sum in full by the Charterers to the Owners.

3.  **WE RESERVE** all issues of costs and **FURTHER RESERVE TO OURSELVES** the right to make a further Award or Awards in respect of costs, including the cost of this our Award which we hereby tax and settle in the sum of £37,281.

5

GIVEN under our hands in London this 5ᵗʰ day of April
2005.


NICHOLAS SHERRIFF                    WITNESS


WILLIAM PACKARD                      WITNESS


CLIVE ASTON                          WITNESS


CERTIFIED TRUE COPY
OF THE ORIGINAL
_____ _____ LLP
Date ___11.2.08___

# EXHIBIT 2

IN THE MATTER OF THE ARBITRATION
ACT 1996

AND

IN THE MATTER OF AN ARBITRATION


BETWEEN


RAVENNAVI SpA, RAVENNA
                          Claimants
                          (Owners)

AND

TRASIMEX HOLDINGS S.A., PANAMA
                          Respondents
                          (Charterers)


"RED SEA"
Charter Party dated
27th July 1994

———————————————

SECOND AWARD - COSTS

———————————————

ORIGINAL

"RED SEA"

Charter Party dated 27th July 1994

SECOND AWARD - COSTS

CERTIFIED TRUE COPY
OF THE ORIGINAL
Ilston Rose  CCP.
Date  11. 2. 08

IN THE MATTER OF THE ARBITRATION ACT 1996

AND

IN THE MATTER OF AN ARBITRATION

B E T W E E N:

RAVENNAVI SpA, RAVENNA

Claimants
(Owners)

AND

TRASIMEX HOLDING S.A., PANAMA

Respondents
(Charterers)

"RED SEA"

Charter Party dated 27th July 1994

SECOND AWARD - COSTS

W H E R E A S:

(A)  By the terms of a charter party dated 27th July 1994
     on an amended Asbatankvoy form the Claimant Owners
     ("the Owners") chartered the m.t. "Red Sea" to the
     Respondent Charterers ("the Charterers") to perform

2

a voyage from, in the event, Ras Lanuf, Libya to Dakar, West Africa, carrying a cargo of jet fuel.

(B) Clause 24 of Part II of the Asbatankvoy terms, when read in conjunction with clause K of Part I, provided for any dispute arising to be referred to arbitration in London in a manner more particularly set out therein.

(C) Disputes did arise between the parties for the determination of which the Owners appointed the undersigned Nicholas Sherriff of P.O. Box 293, London SW11 6DJ and the Charterers appointed the undersigned William Packard of Cobmarsh House, 20 Victory Road, West Mersea, Essex, CO5 8LX as arbitrators respectively. The two arbitrators so appointed in turn appointed the undersigned Clive Aston, then of 58 The London Fruit Exchange, Brushfield Street, London E1 6EP and now of 30 Hobbs Court, 2 Jacob Street, London SE1 2BG as third arbitrator.

(D) The seat of this arbitration is in England.

(E) The disputes originally referred to us concerned a claim by the Owners for shifting and port expenses

3

incurred at the port of Dakar in the sum of US$28,493, liability for which the Charterers denied, counterclaiming the sum of US$546,666.33 in relation to losses which they claimed arose from contamination of a cargo of jet fuel carried by the vessel pursuant to the charter party.

(F)  By an Award dated 5th April 2005 we found and held that the Owners' claim succeeded in full and that the Charterers' counterclaim failed in its entirety. We therefore awarded the Owners the sum of US$28,493, together with interest thereon, but reserved all issues of costs and our jurisdiction to make a further Award or Awards in respect of costs, including the cost of our Award which we taxed and settled in the sum of £37,281.

(G)  We subsequently received submissions from the Owners requesting that they be awarded their costs in relation to our Award of 5th April 2005 and the 50% of the cost of that Award that they had paid in the first instance to collect it. The Charterers denied liability for such costs on the ground that the Owners had refused to participate in mediation proceedings at an early stage of the dispute. We received written submissions and supporting

4

documents from both parties' London solicitors, neither of whom requested an oral hearing or Reasoned Award.

(H) NOW WE, the said Nicholas Sherriff, William Packard and Clive Aston, having taken upon ourselves the burden of this reference and having carefully and conscientiously read and considered the submissions and documents put before us, and having given due weight thereto and discussed the matter with one another and found ourselves in agreement **DO HEREBY MAKE, ISSUE AND PUBLISH** this our **SECOND AWARD - COSTS** as follows:-

1. **WE FIND AND HOLD** that the Owners are entitled to recover from the Charterers their costs in relation to our Award of 5th April 2005 on the standard basis and to recover the 50% of the cost of that Award paid by them in the first instance.

2. **WE THEREFORE AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the sum of £16,715.50 (Pounds Sterling Sixteen Thousand, Seven Hundred and Fifteen and Fifty Pence) being 50% of our cost of our Award of 5th April 2005, together with interest thereon at the rate of 6.5% per annum,

5

compounded at three monthly rests with effect from
5th May 2005 until the date of payment of such sum
in full by the Charterers to the Owners.

3.    WE FURTHER AWARD AND ADJUDGE that the Charterers
shall bear and pay their own and the Owners' costs
of this our SECOND AWARD - COSTS, and we RESERVE to
ourselves the jurisdiction to assess and make an
Award or Awards of such costs, together with the
Owners' costs in relation to our Award of 5th April
2005 as awarded herein, if these cannot be agreed
between the parties and, FURTHER, that the
Charterers shall bear and pay the cost of this our
SECOND AWARD - COSTS which we hereby tax and settle
in the sum of £4,315.    The Charterers shall in
addition pay interest on the Owners' recoverable
costs at the rate of 6.5% per annum compounded at
three monthly rests with effect from the date of
this SECOND AWARD - COSTS until the date of payment
of such costs in full by the Charterers to the
Owners and, in case the Owners shall, in the first
instance, pay for the cost of this SECOND AWARD -
COSTS, or any part thereof, from the date of such
payment until the date of reimbursement in full of
such sum to the Owners by the Charterers.

6

GIVEN under our hands this 9th day of January 2006.

........................................
NICHOLAS SHERRIFF

........................................
WITNESS

........................................
WILLIAM PACKARD

........................................
WITNESS

........................................
CLIVE ASTON

........................................
WITNESS

CERTIFIED TRUE COPY
OF THE ORIGINAL

Date .........................................

# EXHIBIT 3

IN THE MATTER OF THE
ARBITRATION ACT 1996

AND

IN THE MATTER OF AN
ARBITRATION

BETWEEN:-

RAVENNAVI SpA., Ravenna

Claimants
(Owners)

- and -

TRASIMEX HOLDINGS S.A., Panama

Respondents
(Charterers)

"RED SEA"

Charter Party dated 27th July 2004

## THIRD AWARD - COSTS

CERTIFIED TRUE COPY
OF THE ORIGINAL
*Waterson Rose LLP*
Date  *11.2.08*

## "RED SEA"

### Charter Party dated 27th July 1994

### THIRD AWARD – COSTS

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

### B E T W E E N: -

### RAVENNAVI SpA., Ravenna

<u>Claimants</u>
(Owners)

- and -

### TRASIMEX HOLDINGS S.A., Panama

<u>Respondents</u>
(Charterers)

### "RED SEA"

### Charter Party dated 27th July 1994

---

### THIRD AWARD - COSTS

---

W H E R E A S: -

(A) By the terms of a charter party dated 27th July 1994 on an amended ASBATANKVOY form the Claimant Owners (the "Owners") chartered the m.t. "RED SEA" (the "Vessel") to the Respondent Charterers (the "Charterers") to

2

perform a voyage from, in the event, Ras Lanuf Libya to Dakar, West Africa, carrying a cargo of jet fuel.

(B)  Clause 24 of Part II of the ASBATANKVOY terms, when read in conjunction with Clause K of Part I, provided for any dispute arising to be referred to arbitration in London in a manner more particularly set out therein.

(C)  Disputes did arise between the parties for the determination of which the Owners appointed Nicholas Sherriff of P.O. Box 293, London SW11 6DJ and the Charterers appointed William Packard of Cobmarsh House, 20 Victory Road, West Mersea, Essex CO6 8LX as arbitrators respectively.  Mr. Sherriff and Mr. Packard in turn appointed Clive Aston, then of 58 The London Fruit Exchange, Brushfield Street, London E1 6EP and now of 30 Hobbs Court, 2 Jacob Street, London SE1 2BG as third arbitrator (together the "Original Tribunal").

(D)  The seat of this arbitration is in England.

(E)  The disputes previously referred to the Original Tribunal concerned a claim by the Owners for shifting and port expenses incurred at the port of Dakar in the sum of US$28,489, liability for which the Charterers denied, counterclaiming the sum of US$546,666.33 in relation to losses which they claimed arose from contamination of a cargo of jet fuel carried by the Vessel pursuant to the charter party.

3

(F)   By an Award dated 5ᵗʰ April 2005 (the "First Award") the Original Tribunal found
      and held that the Owners' claim succeeded in full and that the Charterers'
      counterclaim failed in its entirety. The Original Tribunal awarded the Owners the
      sum of US$28,493, together with interest thereon, but reserved all issues of costs and
      jurisdiction to make a further Award or Awards in respect of costs, including the cost
      of the First Award, which were taxed and settled in the sum of £37,281.

(G)   The Original Tribunal subsequently received submissions from the Owners
      requesting that they be awarded their costs in relation to the First Award and the 50%
      of the cost of the First Award that they had paid in the first instance to collect it. The
      Charterers denied liability for such costs on the grounds that the Owners had refused
      to participate in mediation proceedings with the Charterers and other parties
      connected to the overall dispute at an early stage of that dispute. The Original
      Tribunal received written submission and supporting documents from both parties'
      London solicitors, neither of whom requested an oral hearing or Reasoned Award.

(H)   By an Award dated 9ᵗʰ January 2006 (the "Second Award") the Original Tribunal
      found and held that the Owners' claim succeeded in full and that the Charterers' claim
      failed in its entirety i.e. the Owners were entitled to recover from the Charterers their,
      the Owners, costs of the First Award on the standard basis and to recover also 50%
      of the cost of the First Award (£16,715.50) paid by them in the first instance, each

4

together with interest thereon at the rate of 6.5% per annum compounded at three monthly rests with effect from 5th May 2005 until the date of payment of such sum in full by the Charterers to the Owners. The Original Tribunal further found and held that the Charterers shall bear and pay their own and the Owners costs of the Second Award and Reserved the jurisdiction to assess and make an Award or Award(s) of such costs, together with the Owners costs in relation to the First Award, if these could not be agreed between the parties. The Original Tribunal further found and held that the Charterers shall bear and pay the cost of the Second Award that were taxed and settled in the sum of £4,315. In addition the Original Tribunal found and held that the Charterers shall pay interest on the Owners' recoverable costs of the Second Award at the rate of 6.5% per annum compounded at three monthly rests with effect from the date of the Second Award until the date of payment of such costs in full by the Charterers to the Owners and, in case the Owners shall, in the first instance, have paid for the cost of the Second Award, or any part thereof, from the date of such payment until the date of reimbursement in full of such sum to the Owners by the Charterers.

(l)     The Original Tribunal subsequently received written submissions from the Owners solicitors for a determination of (i) the recoverable costs of the First and Second Awards awarded pursuant to the Second Award and (ii) the costs of the application for assessment of costs to be paid by the Respondents pursuant to the Second Award. On 27th June 2006 the Respondents London solicitors advised that they were unable

5

to obtain instructions and thereafter the Respondents were kept informed of developments through their registered office in Panama and their trading office in Switzerland. Neither party requested an oral hearing or a Reasoned Award.

(J)  Following the death of Mr. Packard prior to such determination; Mr. Sherriff and Mr. Aston appointed George Henderson of Badley Hall, Great Bromley, Colchester, Essex CO7 7UU as arbitrator in the place and stead of Mr. Packard (together the "Reconstituted Tribunal").

(K)  **NOW WE,** the undersigned Nicholas Sherriff, Clive Aston and George Henderson, having taken upon ourselves the burden of this reference and having carefully and conscientiously read and considered the submissions and documents put before us, and having given due weight thereto and discussed the matters with one another and found ourselves in agreement **DO HEREBY MAKE, ISSUE AND PUBLISH** this the **THIRD AWARD – COSTS** as follows: -

1    **WE FIND AND HOLD** that the Owners are entitled to recover from the Charterers the sums (i) £ 149,366.88 in respect of the recoverable costs of the First Award and (ii) € 4,191.23 being the recoverable costs of the Second Award.

2    **WE THEREFORE AWARD AND ADJUDGE** THAT THE Charterers shall forthwith pay to the Owners the sums of £ 149,366.88 (One Hundred and Forty Nine

6

Thousand Three Hundred and Sixty Six Pounds Sterling and Eighty Eight Pence) and
€4,191.23 (Four Thousand One Hundred and Ninety One Euros and Twenty Three
Cents) together with interest thereon at the rate of 6.5% per annum compounded at
three monthly rests with effect from 9th January 2006 until the date of payment of
such costs to the Owners by the Charterers.

5    WE FURTHER AWARD AND ADJUDGE that the Charterers shall bear and pay
their own and the Owners' costs of this the THIRD AWARD – COSTS which we
hereby assess in the sum of €4,942.00 (Four Thousand Nine Hundred and Forty Two
Euros) and, FURTHER, that the Charterers shall bear and pay the Arbitrators' fees
for this the THIRD AWARD – COSTS amounting to the sum of £4,225.00 (Four
Thousand Two Hundred and Twenty Five Pounds Sterling). The Charterers shall in
addition pay interest on the Owners' recoverable costs and the Arbitrators' fees for
this THIRD AWARD – COSTS awarded herein at the rate of 6.5% per annum
compounded at three monthly rests with effect from the date of this THIRD
AWARD – COSTS until the date of payment of such costs in full by the Charterers
to the Owners and, in case the Owners shall, in the first instance, pay the Arbitrators'
fees for this THIRD AWARD – COSTS, or any part thereof, from the date of such
payment until the date of reimbursement in full of such sum to the Owners by the
Charterers.

7

**GIVEN** under our hands this **26** day of April 2007.

_____
NICHOLAS SHERRIFF

_____
WITNESS

_____
CLIVE ASTON

_____
WITNESS

_____
GEORGE HENDERSON

_____
WITNESS

CERTIFIED TRUE COPY
OF THE ORIGINAL

Date    11.2.08